ELIZABETH CONWAY *vs.* FRANCIS ARMINGTON, Administrator.

A debt due from the estate of a deceased person is not subject to the process of foreign attachment served on the executor or administrator.

An administrator is neither " attorney, agent, factor, trustee, nor debtor," for purposes of foreign attachment.

ASSUMPSIT. On demurrer to the declaration.

Elizabeth Conway, the plaintiff, sued out a writ of attachment against one Albert D. Wheeler, which was served by attaching the personal estate of said Albert in the hands of Francis Armington, the defendant, as administrator of Darius Wheeler, deceased. This writ bore date April 30, 1872, and was returnable to the June Term of the Court of Common Pleas for that year. Armington made his affidavit acknowledging the solvency

of the estate in his hands, and a debt due from the deceased to Albert D. Wheeler of $547.61.

At the December Term, 1872, of the Common Pleas, judgment was given in favor of the plaintiff for an amount sufficient to cover the whole of this sum of $547.61. As Armington neglected to pay over this sum to the plaintiff, suit was brought by her to recover it in this case.

Cap. 858, § 1, of Public Laws, March 31, 1870, provides that " the personal estate of any person lodged or lying in the hands of his attorney, agent, factor, trustee, or debtor shall be liable to be attached," &c.

*Browne & Van Slyck*, for the plaintiff, cited *Adams* v. *Barrett*, 2 N. H. 374 ; *Piper* v. *Piper*, 2 N. H. 439 ; *Quigg* v. *Kittridge*, 18 N. H. 137 ; *Palmer* v. *Noyes*, 45 N. H. 174 ; *Bray* v. *Wallingford*, 20 Conn. 419 ; *New Haven Saw Mill Co.* v. *Fowler*, 28 Conn. 110 ; *Parks et al.* v. *Hadley*, 9 Vt. 320 ; *Barnes* v. *Treat*, 7 Mass. 271 ; *Brooks* v. *Cook*, 8 Mass. 246, — the last decision causing a change in the statute, after which change the following decisions were made : *Holbrook* v. *Waters*, 19 Pick. 354 ; *Wheeler* v. *Bowen*, 20 Pick. 563.

*B. N. & S. S. Lapham*, for the defendant, cited Drake on Attachments (4th ed.), §§ 451, 461, 493–497 ; *Brooks* v. *Cook*, 8 Mass. 246 ; *Colby* v. *Coates*, 6 Cush. 558 ; *Thayer* v. *Tyler*, 5 Allen, 94 ; *Porter* v. *Stevens*, 9 Cush. 530 ; *Richards* v. *Stephenson*, 99 Mass. 311 ; *Waite* v. *Osborne*, 11 Me. 185 ; *Adams* v. *Barrett*, 2 N. H. 374.

*March* 6, 1875. POTTER, J. The question in this case is whether, if the estate of a deceased person is indebted to another person, that debt can be attached in the hands of the administrator under our foreign attachment laws as they existed in 1872.

Was the administrator the " attorney, agent, factor, trustee, or debtor " of the person to whom the estate of the deceased owed the debt ? He certainly is not the " attorney, agent, factor, or debtor " of the person to whom the claim belongs. Was he the " trustee ? "

An administrator is sometimes spoken of as holding the estate in his hands in trust. Wrong-doers are sometimes held to be trustees in order to effect equity in particular cases. So an office

is spoken of as a trust. But we apprehend that an administrator cannot be considered a trustee in the sense in which the words are ordinarily used.

If the intention of the legislature was clear the court would be bound to carry it out; but in case of doubt the argument from public policy may be admitted to have weight. An administrator is ordinarily expected to settle an estate in three years; but if he could be served with process in foreign attachment the settlement might be postponed for many years; it would not only prevent the settlement and payment of the particular debt, but might in some cases prevent a full settlement of other claims, as the administrator might be put to trouble and expense in defending.

By Revised Statutes of 1857, cap. 183, § 7, if there is property in the hands of the garnishee the suit to recover it is against him personally. But by cap. 161, § 9, executions against executors or administrators, except in certain specified cases, are to run against the estate of the deceased in their hands. The legislature could never have intended that the judgment in such a case as this should be paid out of the administrator's private property. The fact that they have not provided for this is significant.

When we consider that if the legislature intended to authorize attachments in such cases, the insertion of a very few words would have made their intention plain, we may well suppose that they were influenced by the reasons we have referred to; and the fact that, so far as we are informed, no such attachment has ever been made before, seems to show a general understanding among the profession as to what the intention of the legislature was.

*Demurrer sustained and judgment for the defendant.*